UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNALICIA DEANDRA POWNALL EL,

                        Plaintiff,

            -against-

S. REALTY; LAWRENCE SPITZ; MANNY;
MARK,

                        Defendants.

24-CV-6450 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff asserts claims, under the Fourth and Fourteenth Amendments to the U.S. Constitution, against her landlord and a realty agency and its employees in connection with her eviction. By order dated September 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. On July 23, 2024, a City Marshal, who is not named as a defendant in this action, arrived to evict Plaintiff from the apartment in Mount Vernon that Plaintiff had rented from S. Realty. Plaintiff did not realize that the eviction was taking place that day because "there was no 14 day notice place[d] on [her] door and the mail that they said they sent to [her] was removed from [the] mail box." (ECF 1 at 5.) Plaintiff alleges that only she and the landlord had access to her mailbox. (*Id.*) S. Realty "evicted [Plaintiff] without due process of law." (*Id.*)

Moreover, S. Realty and its agents "discriminated against" Plaintiff by "impatiently push[ing] [her] around for rent know[ing of her] disabilities," which are not specified. (*Id.*) Plaintiff sues S. Realty, landlord Lawrence Spitz, and real estate agents "Manny" and "Mike" of S. Realty. She invokes the Fourth Amendment of the U.S. Constitution as the basis for her claims and references her constitutional right to due process. Plaintiff seeks to be "reinstated into [her] apartment and paid for [her] distress $68,000." (*Id.* at 6.)

## DISCUSSION

**A.    Due Process**

Plaintiff asserts that state law requires 14 days' notice of execution of a warrant of eviction, but she did not receive the notice 14 days prior to her eviction. She suggests that the landlord may have removed the notice of execution of the warrant from her mailbox and states that she never saw anything posted on her door. Plaintiff sues the realty agency and landlord, though not the official charged with posting notice and executing the warrant.  Plaintiff brings a claim for a violation of her constitutional right to due process arising under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties therefore generally are not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Defendants – Plaintiff's landlord, and the realty agency and its employees – are private parties not alleged to have been acting under color of state law, Plaintiff cannot bring a Section 1983 claim against Defendants for violations of her constitutional rights.

3

Moreover, even if Plaintiff had named a state actor, Plaintiff's allegations fail to state a claim for a violation of her right to due process. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elect.*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). The Court assumes, for purposes of this order, that Plaintiff had a property interest in the rental unit and proceeds to consider what process was due before she could be deprived of that interest.

Plaintiff's claims arise from the execution of the eviction warrant and the alleged failure of the non-party City Marshal to post notice. In cases arising from a government official's random and unauthorized actions (rather than from an established procedure), it would be impossible to provide meaningful due process before deprivation of the property interest because the government cannot predict precisely when such deprivations will occur. *See*, *e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1986). Thus, if state law provides a meaningful remedy after deprivation of the property interest, such random and unauthorized acts do not violate the right to procedural due process. *See Hudson*, 468 U.S. at 533; *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

4

New York law explicitly provides that the state court in which summary eviction proceedings have been brought retains continuing jurisdiction. *See* NY RPAPL § 749(3) ("Nothing contained herein shall deprive the court of the power to . . . restore the tenant to possession subsequent to execution of the warrant."); *Brusco v. Braun*, 84 N.Y.2d 674, 681-82 (1994) (noting that, under New York law, tenants "are protected by . . . the continuing jurisdiction of the Civil Court over the landlord/tenant disputes"). Under New York law, one remedy for an eviction carried out without proper notice is to seek relief promptly from the court that issued the judgment of eviction, including asking to be restored to possession, if appropriate. *See, e.g.*, *Ray v. New York City Off. of the Sheriff*, No. 17-CV-1586 (AJN), 2018 WL 1583300, at *3 (S.D.N.Y. Mar. 27, 2018) ("The day after constructive possession was granted to Chen, Plaintiffs moved by Order to Show Cause in the Civil Court seeking an order granting immediate access to the apartment and invalidating the eviction due to improper notice."). Nothing in the complaint suggests that this state court remedy was inadequate.

Accordingly, because New York State law provides meaningful post-deprivation remedies to cure a random and unauthorized act depriving Plaintiff of adequate notice of execution, Plaintiff's allegations do not state a claim for a denial of her constitutional rights. *See, e.g.*, *Brody v. Moan*, 551 F. Supp. 443, 446 (S.D.N.Y. 1982) ("None of these cases supports the proposition that a single instance of alleged failure to comply with the service provisions of a facially valid statute or [eviction] procedure constitutes a constitutional violation under § 1983.").[1]

---

[1] It would be futile to grant Plaintiff leave to amend to name the City Marshal or other government official who allegedly failed to post notice on Plaintiff's door, because the facts alleged fail to state a claim for a violation of Plaintiff's due process rights under the U.S. Constitution.

**B.**    **Fourth Amendment**

Plaintiff invokes the Fourth Amendment to the U.S. Constitution as a basis for her claims. First, Plaintiff fails to state a Fourth Amendment claim, under 42 U.S.C. § 1983, because she has not named any government official or state actor as a defendant in this matter. *Ciambriello*, 292 F.3d at 323 ("[T]he United States Constitution regulates only the Government, not private parties.").

Second, Plaintiff has not alleged facts that state a claim for a violation of her rights under the Fourth Amendment. The Fourth Amendment protects individuals' right to be free from unreasonable government intrusions into areas where they have a legitimate expectation of privacy. *United States v. Snype*, 441 F.3d 119, 130 (2d Cir. 2006). It "does not protect all subjective expectations of privacy, but only those that society recognizes as 'legitimate.'" *Cassidy v. Chertoff*, 471 F.3d 67, 76 (2d Cir. 2006) (quoting *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 654 (1995)).

In the context of eviction proceedings, the Supreme Court has held that "[r]easonableness is . . . the ultimate standard" for determining whether a seizure satisfies the Fourth Amendment. *Soldal v. Cook County*, 506 U.S. 56, 71 (1992) (citation omitted). "To determine whether a seizure is unreasonable, a court must 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion' and determine whether 'the totality of the circumstances justified [the] particular sort of . . . seizure.'" *Carroll v. County of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Where "officers were acting pursuant to a court order . . . a showing of unreasonableness . . . would be a laborious task indeed." *Soldal*, 506 U.S. at 71.

Here, it appears from the facts alleged that Plaintiff was evicted pursuant to a court order, and the only basis for her Fourth Amendment claim is her assertion that she did not receive notice in the manner that state law requires. Courts faced with this situation, in which defendants "were executing a valid court order of eviction," have rejected the argument that, on its own, "this failure of notice caused an unreasonable seizure." *Ray*, 2018 WL 1583300, at \*4; *Soldal*, 506 U.S. at 71 ("[H]ad the ejection in this case properly awaited the state court's judgment it is quite unlikely that the federal court would have been bothered with a § 1983 action alleging a Fourth Amendment violation."). Plaintiff's allegation that notice of the eviction date was insufficient under New York law does not state a claim that her Fourth Amendment rights were violated, where she was evicted pursuant to an otherwise valid court order. Plaintiff's Fourth Amendment claim is therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

      C.     Disability Discrimination

Plaintiff states that she is disabled, though she has not invoked any federal anti-discrimination statutes or pleaded facts about her disability. She alleges, without more, that Defendant S. Realty and its agents "discriminated against" her by "impatiently push[ing] [her] around for rent know[ing of her] disabilities" (ECF 1 at 5).

Under the Fair Housing Act (FHA), it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of that person." 42 U.S.C. § 3604(f)(1)(A) and (2)(A). For purposes of subsection (f), "discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when

such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); *see also* 24 C.F.R. 100.204(a); *US Airways, Inc. v. Barnett*, 535 U.S. 391, 398 (2002) ("By definition, any special 'accommodation' requires the employer to treat an employee with a disability differently, *i.e.*, preferentially.").

Plaintiff can be understood as asserting that Defendants failed to accommodate her disability. The Second Circuit has held that "ordinarily, the duty to accommodate is shaped by the handicap," because "it is the handicap that is accommodated." *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998). Thus, as a general rule, "[e]conomic discrimination—such as the refusal to accept Section 8 tenants—is not cognizable as a failure to make reasonable accommodations, in violation of § 3604(f)(3)(B)." *Id.*; *see also Hevner v. Village East Towers, Inc.*, No. 06-CV-3983, 2011 WL 666340, at *2 (S.D.N.Y. Feb. 7, 2011) (requests for reduced maintenance fees, waiver of arrears, and "skewed rent" because of "the financial strain her depression causes" would only "remedy [plaintiff's] economic status," and not "provide her with reasonable accommodations"), *aff'd*, 471 F. App'x 73, 74 (2d Cir. 2012) ("[T]he District Court properly dismissed Hevner's complaint"); *Salute*, 136 F.3d at 310 ("What stands between these plaintiffs and the apartments at Stratford Greens is a shortage of money, and nothing else.").[2]

Here, Plaintiff has not alleged facts in the complaint sufficient to show that she has a covered disability. Plaintiff further alleges that Defendants were "impatiently pushing" her to pay her rent, despite knowing that she has disabilities. These allegations are insufficient to

---

[2] By contrast, some requests for accommodation that are shaped by the plaintiff's handicap might reasonably include a fee waiver. *See, e.g.*, *CNY Fair Hous., Inc. v. Welltower Inc.*, 588 F. Supp. 3d 282, 297 (N.D.N.Y. 2022) (addressing waiver of the $15–$25 monthly charge for an apartment on the first floor or near the elevator, to accommodate plaintiffs' mobility disabilities).

suggest any reasonable accommodation shaped by Plaintiff's disability that the landlord was required to make. *See*, *e.g.*, *Salute*, 136 F.3d at 310 (noting that the FHA "addresses the accommodation of handicaps, not the alleviation of economic disadvantages that may be correlated with having handicaps."). Plaintiff's allegations thus fail to state a claim on which relief can be granted under the FHA.

## C.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff might be able to allege additional facts to state a claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action dismissing Plaintiff's federal claims for failure to state a claim on which relief can be granted and declining supplemental jurisdiction of her state law claims, 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court dismisses Plaintiff's federal claims for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declines supplemental jurisdiction of her state

law claims, 28 U.S.C. § 1367(c)(3). The Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    October 28, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                     (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                              State                  Zip Code

_____
Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State              Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State              Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State              Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.