UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNALICIA DEANDRA POWNALL EL,

        Plaintiff,

-against-

S. REALTY; LAWRENCE SPITZ; MANNY; MARK,

        Defendants.

24-CV-6450 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated October 28, 2024, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on November 27, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## DISCUSSION

Plaintiff brought this complaint asserting claims, under the Fourth and Fourteenth Amendments to the U.S. Constitution, against her landlord and a realty agency and its employees in connection with her eviction. By order dated October 28, 2024, the Court noted that Defendants were all private parties not subject to suit, under 42 U.S.C. § 1983, for alleged violations of the U.S. Constitution.[1] Moreover, the Court held that even if one or more of the defendants could have been deemed a state actor, the facts alleged did not state a claim for deprivation of due process, because adequate remedies were available to Plaintiff under state

---

[1] *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

law. Finally, the Court further held that Plaintiff had not alleged facts stating a claim against any of the named defendants for a violation of her rights under the Fourth Amendment or under any federal disability discrimination laws. The Court dismissed the complaint for failure to state a claim on which relief can be granted but, because Plaintiff was proceeding *pro se*, granted her 30 days' leave to replead her claims in an amended complaint.

On November 27, 2024, Plaintiff filed an amended complaint, again naming Defendants S. Realty, LLC, its owner, Lawrence Spitz, and employees "Mark" and "Manny." Plaintiff asserts violations of her rights under the Fourth, Fifth, Eighth, and Ninth Amendments to the U.S. Constitution. Plaintiff contends that she was deprived of due process and that this constitutes cruel and unusual punishment. She seeks to be reinstated in the apartment, notwithstanding the state court judgment of eviction, and damages.

The amended complaint is dismissed for the reasons set forth in the October 28, 2024 order. Plaintiff does not allege facts suggesting that any of the defendants, all of whom are private parties, were acting under color of state law. She does not allege facts that state a claim for a violation of her constitutional rights, for the reasons set forth in that order (ECF 5).

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

**LEAVE DENIED**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because there is no indication that the defects in Plaintiff's amended complaint can be cured with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   February 10, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge